**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**F.E.A., INC.,**

        **Plaintiff,**           **Case No:  2:11-14006**

**v.**

**JOHN DOES 1-100, individuals,**
**JANE DOES 1-100, individuals,**
**and XYZ COMPANY, business**
**entity form unknown, inclusive,**

        **Defendants.**

---

| | |
|---|---|
| HICKS, MIMS, KAPLAN & BURNS | RUTLEDGE, MANION, RABAUT, |
| BY:CARA R. BURNS (CA Bar No. 137557) | TERRY, & THOMAS P.C. |
| (Admitted in Eastern District of Michigan) | BY: JOSEPH J. WRIGHT (P41289) |
| 3250 Ocean Park Blvd, Ste 350 | 333 West Fort Street, Ste 1600 |
| Santa Monica, California 90405 | Detroit, Michigan 48226 |
| Telephone: (310) 314-1721 | Telephone: (313) 965-6100 |
| Facsimile:  (310) 314-1725 | Facsimile: (313) 965-6558 |
| cburns@hmkblawyers.com | jwright@rmrtt.com |

---

**COMPLAINT FOR TRADEMARK INFRINGEMENT**
**AND VIOLATION OF THE LANHAM ACT**

Plaintiff F.E.A., Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

1

## PARTIES

2.     F.E.A., Inc. ("Plaintiff") is a California corporation with its principal place of business in Englewood, New Jersey.

3.     Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4.     Upon information and belief, the individual defendants will be present in and about the Eastern District of Michigan, Southern Division in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5.     On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the Eastern District of Michigan, Southern Division and is or will be subject to the jurisdiction of this Court.

6.     Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.  Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

7.     Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing groups and groups, including, but not limited to tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers.

2

8.     The group known as **"FOO FIGHTERS"** (the "Group "), is the trademark used by this group in connection with their performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish their services from other groups. The Group has used their mark in connection with their recording and performing services for over 16 years. The Group has obtained Federal Trademark Registrations for their **FOO FIGHTERS** trademark: Federal Registration No.2128558 for use in connection with International Class ("IC"): 25, for clothing; Federal Registration No. 2128557 for use in connection with IC 16, for posters;  Federal Registration No. 2156269 for use in connection with IC 41, for entertainment services; and Federal Registration No. 2101487 for use in connection with IC 9, pre-recorded compact discs, etc.  Each mark is now incontestable.

9.     Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, servicemarks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Group's concerts on her present North American tour (the "Tour").

10.     The Group has used their trademarks to identify officially authorized goods and services and to distinguish themselves from those of others by, among other things, prominently displaying in interstate commerce the Group's Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise, including T-shirts and other apparel.

11.     The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and has been seen and heard in concerts by millions of popular music enthusiasts.  The Group's previous tours were

attended by hundreds of thousands of people.  The Group is so popular that all of the announced performances for this Tour are almost sold out.

12.     Plaintiff and the Group annually realize substantial income from the sale of the Tour Merchandise bearing the Group's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

13.     As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Group's Trademarks.

14.     On Monday, September 19, 2011 at the Palace of Auburn Hills, in Detroit, Michigan, the Group will perform (the "Concert").

15.     Pursuant to the Agreement, the Group has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Group's Trademarks at or near the site of the Concert and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Group's Trademarks will be distributed throughout the United States in connection with the Tour.

### DEFENDANTS' UNLAWFUL CONDUCT

16.     On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after his performance, and at subsequent concerts during the Tour.  The Tour has recently begun and defendants have appeared selling and distributing their Unauthorized Merchandise.

4

17.     The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers.  Defendants' Unauthorized Merchandise is not authorized by the Group or Plaintiff.

18.     The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and his Tour Merchandise.

19.     The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true.  It also injures Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

20.     The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the trademarks, servicemarks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

21.     Upon information and belief, Defendants have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

22.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
(Violation of the Lanham Act)

23.     Plaintiff realleges each allegation set forth above.

24.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

### SECOND CLAIM FOR RELIEF
(Infringement of Registered Trademarks)

25.     Plaintiff realleges each allegation set forth above.

26.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered marks.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, F.E.A., Inc., seeks relief against Defendants as follows:

A.     As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, sevicemarks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods

manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.      As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after the concerts on the Tour.

C.      That Defendants deliver up for destruction all Unauthorized Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: September 14, 2011                    Respectfully submitted,
                                             **F.E.A., INC.,**
                                             ___/s/ Cara R. Burns_____
                                             Cara R. Burns (Admitted in ED MI)
                                             HICKS, MIMS, KAPLAN & BURNS
                                             3250 Ocean Park Blvd, Ste 350
                                             Santa Monica, California 90405
                                             Telephone: (310) 314-1721/Fax: (310) 314-1725

                                             Joseph J. Wright (P41289)
                                             RUTLEDGE, MANION, RABAUT,
                                             TERRY, & THOMAS P.C.
                                             333 West Fort Street, Ste 1600
                                             Detroit, Michigan 48226
                                             Telephone: (313) 965-6100/Fax: (313) 965-6558

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose   Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

F.E.A., Inc.

**DEFENDANTS**

John Does 1-100, Jane Does 1-100, XYZ Company

**(b)** County of Residence of First Listed Plaintiff   Bergen
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cara Burns, Hicks, Mims, Kaplan & Burns, 3250 Ocean Park Blvd, Ste 350, Santa Monica, CA 90405 310-314-1721

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 1051 et. seq.

Brief description of cause:
Seizure of Unlawful Goods

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE   Friedman

DOCKET NUMBER   11-cv-13105, 11-cv-12704

DATE
September 14, 2011

SIGNATURE OF ATTORNEY OF RECORD
Cara R[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes
                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other    ☒ Yes
          court, including state court? (Companion cases are matters in which   ☐ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: __E.D. Michigan_____

Case No.: __11-cv-13105, 11-cv-12704 (See also related case above)__

Judge: __Friedman_____


Notes :